(No. 2258—)

JAMES REID, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 13, 1934.*
*Rehearing denied February 13, 1935.*

DAVID KRUEGER, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant alleges in his declaration that on August 4, 1933 his Pontiac sedan was parked along the curb on Fifteenth Avenue in Rockford, Illinois; that about 1:15 A. M. one James W. Taylor, as agent of respondent, was operating a National Guard military truck along said avenue. Claimant alleges that respondent, through its agent, was operating said motor vehicle in a negligent and reckless manner, wholly disregarding the safety of other people, and in the course thereof struck and collided with the motor vehicle of claimant while the latter was in the exercise of ordinary care for the safety of himself and his property, resulting in property damage to said car in the amount of $187.40. A stipulation has been entered into between the parties, agreeing upon the foregoing facts except as to the question of reckless and negligent driving upon the part of the military truck. A report from the Adjutant General's office, appearing in the files, discloses that the military truck was proceeding west-

ward on Fifteenth Avenue at the time in question, at a speed not to exceed twenty-eight miles per hour, and with proper lights; that a car approached from the west, swerving from one side of the street to the other, and that in attempting to avoid a crash with that car, Corporal Taylor, who was driving the military truck, swerved quickly to the right and in so doing ran into the back of plaintiff's car which was parked parallel to the curbing. A Military Board found that the responsibility for the accident laid with the reckless driver of the unknown car and that there was no evidence that the military truck was operated in a negligent or reckless manner or in disregard of the safety or property of others. Neither is there any evidence of any negligence or blame upon the part of claimant.

The claim herein is made upon the averment and presumption of negligence upon the part of the State through its employee. The proof does not support such averment.

Claimant assumes that the State is liable for all damages caused directly or indirectly by an employee of the State. Under the rule of respondeat superior, the State would not be legally liable in the case at bar, even had the driver of the military truck in question been guilty of carelessness and negligence, but in some instances this court, in cases of gross negligence upon the part of the State employee and an entire lack of contributory negligence upon the part of claimant, has made an award under the theory of equitable relief. We do not believe that such awards were properly allowed under the existing Statutes, but regardless of same there is no theory upon which this court could legally justify the making of an award to claimant in the case at bar.

*Derby* vs. *State*, 7 C. C. R. 145.

We recognize, however, that claimant was entirely without fault and has suffered damages in an amount about which there is no disagreement, and in denying an award herein we do so without prejudice to any other rights which claimant may see fit to pursue. Claim denied without prejudice.